IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MONDI INNCOAT GMBH** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| **LOPAREX LLC,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Mondi Inncoat GmbH ("Mondi" or "Plaintiff"), by its attorneys, and for its Complaint against Defendant Loparex LLC ("Loparex"), states as follows:

### NATURE OF THE ACTION

1. This action arises under 35 U.S.C. 256 and seeks an order directing that the United States Patent and Trademark Office ("PTO") issue a certificate of correction to correct the inventorship on U.S. Patent No. 7,879,420 ("the '420 patent") and correspondingly issue a declaratory judgment regarding ownership of the '420 patent.

### PARTIES

2. Plaintiff Mondi Inncoat GmbH is a foreign corporation with its principal place of business at Angererstraße 25, 83064 Raubling, Germany. Prior to December 1, 2004, Mondi did business under the name Frantschach Inncoat GmbH ("Frantschach").

3. Upon information and belief, Defendant Loparex LLC is a business duly organized and existing under the laws of the state of Delaware and at all relevant times has had a place of business located at 7700 Griffin Way, Burr Ridge, IL 60527 and a registered agent located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

25322831.2

## JURISDICTION AND VENUE

4. Plaintiffs assert claims arising under the United States Patent Laws, 35 U.S.C. § 256.

5. This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a),

6. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)-(c) because Loparex resides in this judicial district, and engages in substantial and ongoing business in this judicial district, and is, therefore, subject to this Court's personal jurisdiction.

## STATEMENT OF FACTS

7. Dr. Wilhelm Munninger is the Technical Director of Mondi and is responsible for Mondi's release liner products.

8. In 2001, Dr. Munninger was employed by Frantschach as a sales director responsible for its release liner products. A release liner comprises a substrate of paper and/or plastic onto which a layer of a releasable material, such as silicone, is applied. It can be used as a removable backing for self-adhering product, such as labels, adhesive film or self-adhering roofing material, to prevent the product from adhering before its intended final application.

9. In 2001, Frantschach sought to obtain additional business from W.R. Grace & Company ("W.R. Grace"), located in Chicago, Illinois. Among W.R. Grace's product offerings was a self-adhesive bituminous roof sheeting.

10. Self-adhesive bituminous roof sheeting is generally formed by pouring a layer of melted bituminous material onto a releasable substrate. A plastic film, such as polyethylene, is applied to the top of the bitumen layer, except for an exposed "bead" at its edges. The sticky bituminous bead remains exposed at the edges. When applied to a roof, the releaseable substrate is peeled off, exposing the sticky bottom-side of the bitumen layer.

Adjacent sheets overlap so that the bottom of one sheet overlaps and sealingly adheres to the sticky top edge bead of the next sheet. This is illustrated in Figure 1 below.



Fig. 1

11. In 2001, Dr. Munninger conceived of and reduced to practice a new type of releaseable substrate for use in the production of W.R. Grace's bituminous roof sheeting ("Dr. Munninger's Invention").

12. Bituminous roof sheeting is generally shipped in rolls. Special care must be taken to prevent the exposed bituminous top edge beads of one roll layer from sticking to the non-siliconized underside of the substrate of the above layer as the sheets are rolled. Prior to Dr. Munninger's Invention, this was generally accomplished by a method of folding over the releasable substrate. This required the substrate to be significantly wider than the bituminous material deposited onto the substrate. When the product was rolled, the edges of the substrate that extended beyond the bituminous material were folded so that the siliconized top layer would contact the exposed beads of the underlying layer. This is illustrated (for one edge) in Figure 2 below. The fold-over method allowed the bituminous material to be easily unrolled without sticking to itself when it was ready for application, such as when a construction worker desires to place the roof sheeting onto a roof.

3



Fig. 2

13. This fold-over method had several shortcomings. The substrate had to be sufficiently wide for each edge to be folded underneath the bituminous layer. Each layer of material was also thicker because of the folded substrate material. This made the production process more time consuming, increased production costs, and increased shipping costs.

14. Dr. Munninger's Invention improved upon the roof sheeting product just described. Specifically, Dr. Munninger's Invention included a new substrate that was formed with a silicone layer on top and partly on the reverse (bottom) side. The reverse-edge siliconized ("RES") layer eliminated the need to fold the substrate as a means to prevent the bottom of the substrate from sticking to the exposed top edges of the bituminous layer. This allowed the substrate to be narrower than was required with the fold-over method, thereby reducing material costs. Dr. Munninger's invention is illustrated in Figure 3 below.



Fig. 3

4

15. In November 2001, W.R. Grace placed an order with Frantschach for a trial roll of this new RES product and Frantschach delivered it to W.R. Grace in Chicago, IL.

16. At the time, Loparex OY, a Finnish company, was a competing supplier of releaseable substrates to W.R.Grace. Upon information and belief, Loparex Inc. (f/k/a DCP-Lohja, Inc.), then an Illinois corporation, was a part of Loparex OY responsible for its release liner sales in the U.S. On December 31, 2006, Loparex Inc. was merged or consolidated into Loparex.

17. After obtaining this RES product from Frantschach, W.R. Grace informed Loparex OY that Loparex OY would need to produce a product similar to the RES product provided by Frantschach if Loparex OY intended to remain as W.R. Grace's supplier for this substrate material.

18. In or about Janurary 2001, Loparex OY obtained a sample of Frantschach's RES product. Upon information and belief, this product sample was provided to Loparex OY by W.R. Grace.

19. Loparex OY proceeded to create its version of a roof sheeting substrate having a RES layer based on the Frantschach sample, and since 2002, Loparex OY (later Loparex) has been selling its RES product to W.R. Grace.

20. On July 18, 2002, after developing its version of a roof sheeting substrate having a RES layer, Loparex OY, through its attorneys at the Chicago office of McDermott, Will & Emery, filed a patent application related to this new roof sheeting product and manufacturing process. (*See* application No. PCT/FI02/00640 ("the '640 application")).

21. Based upon the '640 application, Loparex OY filed U.S. patent application Nos. 11/035,808 on January 14, 2005, and 12/150,250, on April 25, 2008 ("the '250 application").

22. On or about July 1, 2008, Loparex OY assigned the '250 application to Loparex. Loparex OY executed this assignment in DuPage County, Illinois. Thereafter, Loparex prosecuted this application.

23. In an effort to overcome several rejections by the Patent Office of the '250 application, Loparex submitted two declarations by Christopher J. Posiadly. Posiadly, who resided in Naperville, Illinois, was Loparex's Vice President of Research and Development.

24. On February 1, 2011, Loparex obtained issuance of the '420 patent based on the '250 application.

25. Dr. Munninger is the inventor of the inventions claimed in at least one of the claims of the '420 patent.

26. For example, claim 10 of the '420 patent claims:

A roofing product including a roll of material, the product comprising:

a paper layer comprising kraft paper having a first surface and a second surface;

a barrier layer formed on the first surface of the paper layer, the barrier layer comprising a polymeric film;

a release layer on the barrier layer, the release layer comprising a cured solvent-free siliconee, wherein the paper layer, the barrier layer and the release layer form a release liner;

a layer of bituminous material formed on the release liner;

a plastic film layer partially covering the bituminous material opposite the release liner; and

a discontinuous non-stick cured siliconee layer partially covering the second surface of the paper layer and arrayed as stripes on edge areas of the second surface of the paper layer.

27. All of these elements were present in the Frantschach RES product, which was obtained by Loparex OY.

28. Timo Pahl, Hannu Kaasalainen and Anssi Pulkkinen are listed as the named inventors on the '420 patent.

29. Dr. Munninger is not listed as a named inventor on the '420 patent.

30. Dr, Munninger has assigned his rights in this invention to Mondi.

### COUNT I – CORRECTION OF INVENTORSHIP

31. Plaintiff repeats and re-alleges each and every allegation contained in each of the foregoing paragraphs of the Complaint as though fully set forth herein.

32. Timo Pahl, Hannu Kaasalainen and Anssi Pulkkinen are the only inventors identified in the patent application that resulted in the '420 patent.

33. The application that resulted in the '420 patent was filed without the knowledge of Plaintiff.

34. The '420 patent should include Dr. Munninger as a named inventor or as the sole inventor of the inventions claimed in the '420 patent.

35. In light of the foregoing, Plaintiff is entitled, *inter alia*, to an order directing the Commissioner of Patents to correct the '420 patent to include Dr. Munninger as an inventor or the inventor of the inventions claimed therein pursuant to 35 U.S.C. § 256.

36. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks that this Court:

1. Correct inventorship for the '420 patent finding that Dr. Munninger is an inventor or the sole inventor of the inventions claimed in the '420 patent, and issue an order directing the Director of the PTO to issue a certificate correcting the inventorship of the '420 patent accordingly; and

2. Provide such additional and further relief as this Court deems just and proper.

Dated: August 18, 2017

        Respectfully submitted,

        /s/ David L. De Bruin

        Attorney for Plaintiff

        David L. De Bruin (Illinois Bar No. 6294648)
        ddebruin@honigman.com
        Ron Sklar (State Bar No. 6304022)
        rsklar@honigman.com
        Honigman Miller Schwartz and Cohn LLP
        One South Wacker Drive
        28th Floor
        Chicago, IL 60606-4617
        Telephone: 312-701-9300
        Facsimile: 312-701-9335